LACY E. ROBBINS v. AMERICAN UPHOLSTERY COMPANY, INC.

(Filed 11 December, 1929.)

1. **Master and Servant C b—Evidence of master's negligence held suf-
ficient to be submitted to the jury.**

    Where there is evidence tending to show that the plaintiff was ordered
    by the general manager of the defendant to operate a power-driven circu-
    lar saw, in which work the employee was inexperienced, and that there
    were no guards to the saw and that it imperfectly revolved or wobbled
    when running, and that obstruction on the floor prevented the employee
    from standing in front of the saw while operating it, and that he was not
    warned of the danger: *Held,* the evidence of the employer's negligence in
    failing to furnish the employee reasonably safe and suitable tools and
    appliances and a reasonably safe place to work, and in failing to warn
    and instruct the employee, was sufficient to be submitted to the jury and
    overrule defendant's motion as of nonsuit.

2. **Master and Servant C f, C g—Contributory negligence and assumption
of risk are ordinarily questions for the jury.**

    Contributory negligence of the servant and assumption of risk by him
    are ordinarily questions for the determination of the jury, and in this case
    *held:* defendant's motion as of nonsuit should have been overruled.

APPEAL by plaintiff from *MacRae, Special Judge,* at April Special Term, 1929, of DAVIDSON.   Reversed.

The plaintiff alleged that while in the service of the defendant he was ordered by the defendant's general manager to leave the work he was doing and operate a rip-saw for the purpose of ripping or sawing boards; that his right hand was drawn into the saw; that one finger was severed from the hand and the others were badly injured; and that this injury was proximately caused by the defendant's negligent failure to provide for the plaintiff suitable tools and appliances and a safe place in which to work, and its negligent failure properly to instruct him as to the danger to which he was exposed.   The defendant denied the plaintiff's material allegations and pleaded contributory negligence.   At the conclusion of the plaintiff's evidence the action was dismissed as in case of nonsuit and the plaintiff excepted and appealed.

*Spruill & Olive for plaintiff.*
*Phillips & Bower and McCrary & DeLapp for defendant.*

ADAMS, J.   The evidence construed most favorably for the plaintiff tends to show that he was employed, not to run the saw, but to crate furniture; that he was inexperienced in the use of the saw and was injured in a few minutes after beginning his work; that the defendant's general manager ordered him to rip the boards and Reedy Leonard "to tail the saw"; that the machinery was run by a motor; that the saw was not properly set; that it had no guard; that the teeth were dull and uneven; that it "wabbled and did not run true"; and that the plaintiff could not stand in front of the saw on account of obstructions on the floor.

The plaintiff testified he knew the work was dangerous because the saw had no guard, and that he worked there because he was ordered to do so, and he "was trying to do his duty."

It does not appear from the record whether the nonsuit was based upon a want of sufficient evidence to prove the defendant's negligence or upon contributory negligence established by the plaintiff's testimony. There is some evidence of negligence on the part of the defendant which should be submitted to the jury; and the testimony in regard to contributory negligence is not such as to show that the probability of danger in the use of the saw was so obvious that we should conclude as a matter of law that a person of reasonable prudence would not under the circumstances have continued in the work.   Both questions involve matters for determination by the jury.   The judgment is

Reversed.